### DEMAREST *v.* KOCH *et al.*

*(Superior Court of New York City, General Term.* May 5, 1890.)

PARTNERSHIP—PROOF OF RELATION.

S. and K. made a contract whereby the former agreed to purchase of a third person certain lots, and erect two houses on them, K. to make the necessary advances to complete the same over and above a certain amount to be raised on a builder's loan. It was also agreed that on completion of the buildings S. would convey to K. either one of the houses, or at the option of K., in case the lots were sold at a price satisfactory to both parties, S. would, after paying all advances, pay to K. one-half the sum received on the sale; "it being the intent of the parties to equally divide any profits which may be realized by the sale of said buildings." *Held,* that the agreement was a mere executory contract of sale by S. to K. of one of the houses, which did not constitute them partners in the building adventure.

Appeal from judgment on report of referee.

Action by John D. Demarest against William Koch, impleaded with Rosanna Spaulding, to recover $2,590 for labor and material furnished in the erection of two houses, the complaint alleging that defendants were copartners. On May 22, 1884, Bernard Spaulding, husband of defendant Rosanna Spaulding, and William Koch entered into an agreement whereby the latter agreed to purchase of a third party certain lots therein described, with a purchase-money mortgage thereon, and to procure a builder's loan, and to erect thereon two apartment houses. Said Koch agreed on his part to make certain advances for the completion of the houses, in consideration whereof Spaulding agreed to convey to him either of the two houses and lots, or, at the option of said Koch, in case the land and buildings were sold at a price satisfactory to both parties, said Spaulding would, after paying the advances, pay to said Koch one-half of the sum received on the sale; "it being the intent of the parties to equally divide any profits which may be realized by the sale of said buildings." On June 19, 1884, Bernard Spaulding assigned all his interest in the agreement to his wife through an intermediary. On February 26, 1885, defendant Rosanna Spaulding entered into an agreement with plaintiff whereby the latter was to do the carpenter and joiner work now sued for on the houses. The action was referred, and the referee dismissed the complaint as to defendant Koch, finding that he was not a partner with Rosanna Spaulding by reason of the agreement of May, 1884, and awarded plaintiff judgment against defendant Rosanna Spaulding for $2,891.32. From so much of the judgment as dismisses his complaint against defendant Koch plaintiff appeals.

Argued before TRUAX and DUGRO, JJ.

*S. V. R. Cooper,* for appellant. *Augustus Ford,* for respondent.

PER CURIAM. A careful examination of the questions presented upon this appeal fails to disclose reversible error. The agreement of May 22, 1884, was nothing more than an executory contract of sale, Spaulding agreeing, upon Koch's payment as provided for, to convey to the latter, upon construction, either of two certain houses and lots somewhat incumbered. The fact that Koch had an option to receive one-half the sum received for the houses and lots upon a sale, if the parties determined to sell (for the sale was only to be at a price satisfactory to both parties) in no way affected the nature of the contract. The stated intent to divide profits did not refer to a division of profits as such. It is qualified by that which precedes it as to a division of the sum received on a sale. The contract in no way affected the relations of the parties as to third persons. The judgment should be affirmed.